IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 97-11303
Summary Calendar

BOBBY GENE FISHER,

Petitioner-Appellant,

versus

GARY L. JOHNSON, Director, Texas Department of Criminal Justice,
Institutional Division,

Respondent-Appellee.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:97-CV-761-A

March 4, 1999

Before JOHNSON, DUHE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Bobby Gene Fisher, Texas prisoner # 618604, appeals the district court's dismissal of his habeas corpus petition as time barred pursuant to 28 U.S.C. § 2244(d)(1). His main argument is that the district court should have applied the doctrine of equitable tolling to his case.

Because Fisher's state court conviction became final prior to April 24, 2996, he had until April 24, 1997 to file his federal habeas petition. See Flanagan v. Johnson, 154 F.3d 196, 200-02 (5th Cir. 1998). The time for filing was then extended to July 29, 1997, pursuant

---

[*] Pursuant to 5th CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th CIR. R. 47.5.4.

to the tolling provision of 28 U.S.C. § 2244(d)(2), as Fisher's state habeas action was pending for 96 days.  Fisher filed his federal petition on September 3, 1997, by delivering it to the prison officials for mailing to the district court.  See Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998).

Fisher contends that he timely filed his petition because the running of the limitations period should have been equitably tolled. He aruges that (1) he was not made aware of the denial of his post-conviction relief in a timely fashion, and (2) prison officials delayed the withdrawal of money from his inmate account to pay the filing fee. The § 2244(d)(1) statute of limitations is subject to equitable tolling "in rare and exceptional circumstances."  Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998).  However, "[o]ne who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 151 (1984).

After a careful review of the record, we find that no rare and exceptional circumstances exist in this case to warrant the application of equitable tolling.  Further, the record shows that Fisher failed to act diligently in filing his petition after he was made aware of the Texas Court of Criminal Appeals' denial of post-conviction relief. Finding no error by the district court, we affirm the dismissal of Fisher's petition.

AFFIRMED.